SIMON CO. *v.* UNITED STATES (No. 2546)[1]

REMISSION OF ADDITIONAL DUTY—EVIDENCE.

Where goods were invoiced in Swiss francs and the seller made a note on the back of the invoice stating the market value erroneously in French francs, the undervaluation occasioned in entry by converting the French francs,

[1] T. D. 41366.

instead of the Swiss, into United States currency, was inexcusable under paragraph 489, Tariff Act of 1922, entitling an importer to remission of additional duty imposed for undervaluation upon petition to the Board of United States General Appraisers supported by satisfactory evidence that he had no fraudulent intent.

## United States Court of Customs Appeals, February 2, 1926

APPEAL from Board of United States General Appraisers, G. A. 8924 (T. D. 40637)

[Affirmed.]

*Brooks & Brooks (Frederick W. Brooks, jr.,* of counsel) for appellant.
*William W. Hoppin* and *Charles D. Lawrence,* Assistant Attorneys General *(Fred J. Carter,* special attorney, of counsel), for the United States.

[Oral argument December 10, 1925, by Mr. Brooks, jr., and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

R. & H. Simon Co. purchased in Switzerland a quantity of Schappe silk yarns, and, as appears on the face of the invoice, paid therefor 102,763.75 Swiss francs. On the back of the consular invoice the seller made and signed a note which stated that the market value of the goods on the date of exportation was 274,000 French francs.

The importer entered the goods for consumption at the value of 16,153 American dollars, the equivalent of 274,000 French francs. The goods were appraised at 102,763.75 Swiss francs, less one-half per centum, which was an advance of $3,678 over the entered value.

On appeal by the importer to reappraisement the appraised value was affirmed, whereupon the importer filed a petition praying for the remission of additional duties and for the finding by the board authorized by section 489 of the Tariff Act of 1922. After the hearing of that petition and upon proof of the facts hereinbefore recited the Board of General Appraisers declined to make the finding prayed for and denied the petition, from which decision the importer appealed.

The importer knew that the goods had been purchased with *Swiss* francs and deliberately elected to enter them at the value of 16,153 American dollars, which was $3,678 less than the value of the Swiss francs actually paid for the merchandise. The fact that the seller noted on the back of the invoice that the market value of the Schappe silk yarns was 274,000 French francs, far from excusing the entered value in the United States equivalent of that number of French francs, put the company upon notice that it was entering the goods at $3,678 less than had been actually paid for them. The company was charged with notice that 274,000 French francs was not the equivalent in American money of 102,753.75 Swiss francs, and that,

as Swiss francs had been actually paid for the goods, the value in American money of the Swiss francs so paid was presumptively the market value of the yarns.

It is unthinkable that a seller of merchandise would, without explanation, in effect, notify his customer *on the date of the invoice* that the latter was paying for goods purchased much more than they were worth in the market. If the buyer be so notified and chooses to enter such goods at a price much less than he paid for them, it will be presumed *prima facie* that the seller's notice was in pursuance of an understanding which discredits the entered value.

The judgment of the Board of General Appraisers is *affirmed.*